## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
## CIVIL ACTION NO. 1:15CV-00005-HBB

**BOBBY J. COURSEY**                                                              **PLAINTIFF**

**VS.**

**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security**                                              **DEFENDANT**

### MEMORANDUM OPINION
### AND ORDER

### BACKGROUND

Defendant has filed a joint motion for remand for further proceedings under sentence four of 42 U.S.C. § 405(g) (DN 24).   The case is before the Court on Plaintiff's complaint seeking judicial review of the final decision of the Commissioner, under 42 U.S.C. § 405(g).

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 33).

### FINDINGS OF FACT

Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income payments on April 25, 2011 (Tr. 18, 233, 238).   Following an administrative hearing, Administrative Law Judge Susan Wakshul ("ALJ") issued a decision dated November 1, 2013 (Id. at 18-28).   The ALJ found Plaintiff does not have the residual functional capacity to perform his past relevant work (Id. at 27).   However, the ALJ determined there are jobs that exist

1

in significant numbers in the national economy that Plaintiff can perform considering his age, education, work experience, and residual functional capacity (Id. at 27-28).   Therefore, the ALJ concluded Plaintiff has not been under a "disability," as defined in the Social Security Act, from January 31, 2009, through the date of the decision (Id. at 28).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 14).   The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3).

CONCLUSIONS OF LAW

Defendant has filed a joint motion for remand for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (DN 24).   A remand pursuant to sentence four of 42 U.S.C. §405(g) is a post-judgment remand.   Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 175 (6th Cir. 1994).   This means the case is remanded to the Commissioner in conjunction with the Court making a final judgment that affirms, reverses, or modifies the final decision of the Commissioner.   Id.   Further, under sentence four, the Court may order the Commissioner to consider additional evidence on remand to remedy a defect in the original proceedings.   Id.

Pursuant to sentence four of 42 U.S.C. § 405(g), the undersigned will issue a judgment that reverses the final decision of the Commissioner and remands the case to the Commissioner. Additionally, on remand, the Administrative Law Judge is directed to further evaluate the opinions of Dr. Cabezas and Dr. Prout in their entirety and reassess the residual functional capacity with respect to Plaintiff's mental functioning; further evaluate Plaintiff's postural and manipulative functioning, in light of all the medical opinions; consider Plaintiff's reasons for noncompliance pursuant to Social Security Ruling 96-7p; offer the opportunity for a new hearing; and issue a new decision.

2

ORDER

**IT IS HEREBY ORDERED** that Defendant's joint motion for remand for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (DN 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner is **REVERSED** and, pursuant to sentence four of 42 U.S.C. § 405(g), the case is remanded to the Commissioner for further proceedings.

**IT IS FURTHER ORDERED** that upon remand the Commissioner will instruct the Administrative Law Judge to further evaluate the opinions of Dr. Cabezas and Dr. Prout in their entirety and reassess the residual functional capacity with respect to Plaintiff's mental functioning; further evaluate Plaintiff's postural and manipulative functioning, in light of all the medical opinions; consider Plaintiff's reasons for noncompliance pursuant to Social Security Ruling 96-7p; offer the opportunity for a new hearing; and issue a new decision.

This is a final and appealable Order and there is no just cause for delay.

Copies:        Counsel

3