UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15CV-00005-HBB

**BOBBY J. COURSEY**                                                                                      **PLAINTIFF**

**VS.**

**CAROLYN W. COLVIN,**
**Commissioner of Social Security**                                                                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the motion of Plaintiff, Bobby J. Coursey ("Coursey"), for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), (DN 27). Defendant, Carolyn W. Colvin, Commissioner of Social Security ("Commissioner"), has filed a response (DN 29), and Coursey has filed a reply (DN 30).  Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 33).  This matter is ripe for determination.

### FINDINGS OF FACT

On January 16, 2015, Coursey filed a complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g) (DN 1).  The Commissioner filed an answer and a copy of the administrative record (DN 10, 11).  Coursey filed a fact and law

summary (DN 16). Thereafter, the Commissioner filed a joint motion requesting the Court reverse the final decision of the Commissioner, enter judgment in favor of Coursey, and remand this case for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g) (DN 24). The undersigned granted the joint motion, reversed the final decision of the Commissioner, and, pursuant to sentence four of 42 U.S.C. § 405(g), remanded the case to the Commissioner for further proceedings (DN 25, 26).

On November 25, 2015, Coursey filed his motion for an award of attorney fees and costs (DN 27). In support of his motion, Coursey's attorney submitted an affirmation and memorandum, an affidavit and waiver, certificate of service, and proposed order (DN 27-1, -2, -3, -4). For the reasons set forth below, Coursey's motion for attorney's fees is granted in part and denied in part.

## CONCLUSIONS OF LAW

### A

The EAJA allows the award of attorney fees and other expenses against the government provided that:

> (1) The party seeking such fees is the "prevailing party" in a civil action brought by or against the United States;
>
> (2) An application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of final judgment in the action;
>
> (3) The position of the government is not substantially justified; and
>
> (4) No special circumstances make an award unjust.

2

28 U.S.C. §§ 2412(d)(1)(A),(B). The absence of any of the above factors precludes an award of fees. 28 U.S.C. §§ 2412(d)(1)(A),(B). Here, the Commissioner acknowledges that an award of fees under § 2412(d) is appropriate but takes issue with the adjusted hourly rate requested by Coursey (Tr. 29). The undersigned has reviewed the record and agrees.

Coursey seeks an award of attorney fees in the amount of $5,155.43 for 24.60 hours of work performed by attorneys (Howard D. Olinsky, Paul B. Eaglin, and Edward Wicklund) at a rate of $185.18 per hour and for 7.50 hours of work performed by paralegals (Shannon Persse, Silvana Rowe, Michael Smith, Jessica Mills, John Corbett, and Vanessa Sena) at a rate of $80.00 per hour, under 28 U.S.C. § 2412(d) (DN 27-1 at 2). Relying on the Midwest All Urban Consumer Price Index, Coursey argues the attorney fees should be calculated using a cost-of-living enhanced rate of $185.18 per hour instead of the statutory rate of $125.00 per hour set forth in the EAJA (Id.).

The Commissioner does not oppose the total requested number of hours (32.10), but she does oppose the requested hourly rate of $185.18 because the consumer price index by itself is insufficient to justify an increase in the $125.00 hourly rate (DN 29). The Commissioner asserts the Court should award an hourly rate of no more than $140.00 in this case (Id.). Notably, the Commissioner has not objected to an hourly rate of $80.00 for work performed by paralegals (Id.).

In reply, Coursey relies on a footnote in Glenn v. Comm'r of Soc. Sec., to argue the Sixth Circuit previously found $173.01 is a reasonable hourly rate for the work his attorneys performed in a different Social Security case within this Circuit (DN 30 (citing 763 F.3d 494, 497 n. 3 (6th Cir. 2014)). Coursey argues that the rate of $140.00 per hour within the Western

District of Kentucky is far too low and is a disservice to Social Security claimants in this district (Id.).

B

In pertinent part the statute reads as follows:

> The amount of fees awarded under [28 U.S.C. § 2412(d)] shall be based upon **prevailing market rates** for the kind and quality of the services furnished, except that...**attorney fees shall not be awarded in excess of $125 per hour** unless the court determines that an **increase in the cost of living or a special factor**, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (emphasis added). The issue here is whether to exceed the $125.00 statutory rate because of increases in the cost of living since the rate was enacted.

A ruling on this issue is within the sound discretion of the Court. Begley v. Sec'y of Health & Human Servs., 966 F.2d 196, 199-200 (6th Cir. 1992). When the court addresses this issue it should not consider the statutory rate as a *minimum* hourly fee. Id. at 200. Further, the Court should "carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." Id. Notably, after the Court "determines, based on the evidence in the record, the prevailing market rate for attorneys' services of the kind and quality rendered in this case, it should next consider and determine, as an exercise of its discretion, whether increases in the cost of living justify an award in excess of [$125] per hour." Id.

When a plaintiff requests an increase in the hourly rate he bears "the burden of producing appropriate evidence to support the requested increase." Bryant v. Comm'r of Soc. Sec., 578 F.3d 443, 450 (6th Cir. 2009) (citing Blum v. Stenson, 465 U.S. 886, 898 (1984)). Thus, a plaintiff must "produce satisfactory evidence—in addition to the attorney's own affidavits—that

4

the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Bryant, 578 F.3d at 450 (quoting Blum, 465 U.S. at 895 n. 11). For example, in Bryant the plaintiffs failed to meet their burden of producing appropriate evidence because they submitted "only the Department of Labor's Consumer Price Index, arguing the rate of inflation supported an increase in fees." 578 F.3d at 450.

The undersigned will first determine the prevailing market rate for attorneys' services of the kind and quality rendered in this case. The Sixth Circuit has indicated the prevailing market rate is "that rate at which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record, rather than foreign counsel's typical charge for work performed within a geographical area wherein he maintains his office and/or normally practices, at least where the lawyer's reasonable 'home' rate exceeds the reasonable 'local' charge." Adcock-Ladd v. Sec'y of the Treasury, 227 F.3d 343, 350 (6th Cir. 2000) (quoting Hudson v. Reno, 130 F.3d 1193, 1208 (6th Cir. 1997) *cert denied*, 525 U.S. 822 (1998)).

Coursey has submitted the Midwest All Urban Consumer Price Index in support of his argument that the attorney fees should be calculated using a cost-of-living enhanced rate of $185.18 per hour instead of the statutory rate of $125.00 per hour set forth in the EAJA (DN 27-1 Exhibit A). However, the Sixth Circuit has held such information alone is insufficient to sustain the burden of producing appropriate evidence to support the requested rate increase. Bryant, 578 F.3d at 450.

Coursey has also submitted the declaration of attorney Howard D. Olinsky in support of the cost-of-living enhanced rate of $185.18 per hour instead of the statutory rate of $125.00 per

hour set forth in the EAJA (DN 30-1). However, the affidavit from Mr. Olinsky merely indicates he is an attorney in Syracuse, New York, who has a great deal of experience practicing Social Security law and that his current contingent hourly rate in other matters is $450.00 per hour (Id.). Thus, the affidavit addresses foreign counsel's typical charge for work performed within a geographical area wherein he maintains his office and/or normally practices. What the affidavit fails to address is the rate at which lawyers of comparable skill and experience can reasonably expect to command within the venue of this Court.

      Additionally, Coursey relies on a footnote in the Glenn case that reads as follows:

> The fees requested included 39.6 hours of work in 2012 at a rate of $171.06, 3.5 hours in 2013 at a rate of $173.01, and 1.9 hours of administrative work at a rate of $80. Both the number of hours worked and modest hourly rates requested appear to be reasonable.

763 F.3d at 497 n. 3. However, the Glenn court was not asked to determine the reasonableness of the requested attorney hourly rates. Id. at 496-500. Instead, it was asked to determine whether the district court erred when it denied an application for attorney fees under the EAJA on the grounds that the Commissioner's position on appeal was "substantially justified." Id. Thus, this offhanded comment in the footnote is nothing more than *dictum*. Moreover, while the Sixth Circuit's observation might be helpful when assessing the prevailing market rate for attorney's services in the Eastern District of Michigan, it has no bearing here. Again, the issue here is the rate at which lawyers of comparable skill and experience can reasonably expect to command within the venue of this Court.

      Even when the Midwest All Urban Consumer Price Index, the affidavit from Mr. Olinsky, and the footnote from the Glenn case are considered together, Coursey has failed to provide evidence demonstrating the requested rate of $185.18, is in line with the prevailing rates

6

in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See*, Bryant, 578 F.3d at 450.

By contrast, the Commissioner has cited recent rulings establishing that $140.00 per hour is a reasonable and customary rate for experienced social security practitioners in the Louisville metropolitan area which is in the Western District of Kentucky. *See* Neff v. Colvin, No. 13-638, 2015 WL 796604, at *3 (W.D. Ky. Feb. 25, 2015); Harville v. Colvin, No. 13-4176, 2015 WL 64977, at *2 (W.D. Ky. Jan. 5, 2015). The undersigned has found additional cases reaching the same conclusion. Order Murry v. Colvin, Case No. 3:12CV-00056-CRS (W.D. Ky. Nov. 20, 2013) (counsel had over forty years of experience); Order Land v. Astrue, Case No. 3:06CV-00227-EHJ (W.D. Ky. Aug. 30, 2007) ("The Court concludes that for experienced Louisville metropolitan area practitioners who concentrate in social security disability work, the presumptive maximum EAJA hourly rate will be $140."). Obviously, the cost of living and prevailing legal rates in the Louisville metropolitan area are higher, perhaps considerably higher, than in the Bowling Green area. Notwithstanding, the Court recently concluded that $140.00 per hour is the prevailing market rate within the Owensboro Division of the Western District of Kentucky. Report Esters v. Colvin, Case No. 4:13CV-00055-JHM (W.D. Ky. Feb. 4, 2015).

The undersigned finds that an award in excess of $125.00 per hour is appropriate due to an increase in the cost of living. 28 U.S.C. § 2412(d)(2)(A). However, the requested hourly rate of $185.18 is not in line with the prevailing rate in the Bowling Green area for similar services by lawyers of reasonably comparable skill, experience, and reputation. Bryant, 578 F.3d at 450.

The undersigned will give Coursey the benefit of the doubt and conclude that $140.00 per hour is the prevailing market rate within this venue for attorneys of comparable skill and experience to Mr. Olinsky.

As previously indicated, the Commissioner does not object to Coursey's request that the paralegals be paid at the rate of $80.00 per hour. Further, the Commissioner does not object to Coursey being awarded fees for 24.60 hours of work by the attorneys and 7.50 hours of work by the paralegals. The Court finds this hourly rate for the paralegals and the total amount of time reasonable for this case. Multiplying the 24.60 hours of attorney work by $140.00 per hour results in $3,444.00. Multiplying the 7.50 hours of paralegal work by $80.00 per hour results in $600.00. Thus, the total amount of the attorney fee award is $4,044.00.

Under the EAJA, expenses and costs are treated differently and are paid from separate funds. 28 U.S.C. § 2412(a)(1), (d). The statute enumerates which reimbursements qualify as "costs" in 28 U.S.C. § 1920. Notably, Coursey has not made a claim for costs.

Pursuant to Astrue v. Ratliff an EAJA fee award "is payable to the litigant [not the attorney] and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." 560 U.S. 586, 589 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010). Accordingly, after this Court enters an award for Coursey, the Commissioner will determine whether he owes a debt to the United States Government that qualifies under the Treasury Offset Program, 31 U.S.C. §§ 3711 and 3716, which allows for the collection of a federal debt from the amount awarded to Coursey. If Coursey does owe a debt to the Government, his EAJA fee award will be applied toward such debt by the Treasury Department's Offset Program, Ratliff, 560 U.S. at 590, and the Commissioner will notify the Treasury Department that if any funds

remain after the EAJA fee award is applied to his debt, the Treasury Department should issue a check for the remaining funds made payable to Coursey and mail that check to his counsel. If, on the other hand, the Commissioner verifies that Coursey owes no pre-existing debt subject to offset, the Commissioner will direct that the award be made payable to Coursey.

## ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for attorney's fees (DN 27) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's request for an award of attorney fees at the rate of $185.18 per hour is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff is awarded attorney fees at the rate of $140.00 per hour and paralegal fees at the rate of $80.00.

**IT IS FURTHER ORDERED** that Plaintiff is awarded attorney's fees in the amount of $4,044.00 (24.60 hours multiplied by $140.00 plus 7.50 hours multiplied by $80.00).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter the separate judgment in favor of Plaintiff and against the Commissioner in the amount of $4,044.00 in attorney's fees.

Copies:    Counsel